UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MONROE BOWDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-01769-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[ECF No. 5] |

Plaintiff Shane Monroe Bowden is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 23, 2019, the Court issued an order striking Plaintiff's complaint for lack of signature as required by Local Rule 131 and Federal Rule of Civil Procedure 11(a). (ECF No. 5.) Plaintiff was directed to file a complaint, signed under penalty of perjury with an original signature within thirty days. (Id.) Plaintiff has not complied with the Court's order and the time to do so has now expired.

Local Rule 110 provides that "[f]ailure of … a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Further, a plaintiff's failure to comply with court orders and

prosecute their action is grounds for dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226-29 (9th Cir. 2006).

Accordingly, it is HEREBY ORDERED that within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why the action should not be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **February 4, 2020**

UNITED STATES MAGISTRATE JUDGE

2