UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MONROE BOWDEN, <br><br>Plaintiff, <br><br>v. <br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*, <br><br>Defendants. | Case No. 1:19-cv-01769-JDP <br><br>SCREENING ORDER <br><br>ECF No. 10 <br><br>FINDINGS AND RECOMMENDATIONS THAT CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM <br><br>OBJECTIONS DUE IN THIRTY DAYS <br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. On March 2, 2020, the court screened plaintiff's first amended complaint and found that he failed to state a claim. ECF No.16. Plaintiff filed a second amended complaint on March 18, 2020. ECF No. 17. Plaintiff's second amended complaint, like his first amended complaint, fails to state a claim.

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation

1

was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

In his second amended complaint, plaintiff again makes scant, conclusory allegations without factual support.  *See* ECF No. 17.  Plaintiff has not stated a claim against any defendant.  He claims that his supervisor, Defendant Morales, "recklessly" dropped a drawer on her own foot and plaintiff's leg.  Plaintiff also claims that he should have an MRI of his leg, instead of the other treatment that he has received from doctors, including an x-ray and physical therapy.  Plaintiff fails to provide facts supporting deliberate indifference against any defendant, including information about how the course of treatment he received was "medically unacceptable under the circumstances and [chosen] in conscious disregard of an excessive risk to plaintiff's health." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), overruled in part on other grounds by *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014).  Plaintiff has previously been given leave to amend and detailed instructions on the legal standard.  ECF No. 16.  Plaintiff's allegations still do not state a claim under § 1983.  Thus, further leave to amend would be futile.

**Order**

The clerk of court is directed to assign this case to a district judge, who will preside over this case.  I will remain as the magistrate judge assigned to the case.

**Recommendations**

I recommend that the case be dismissed for plaintiff's failure to state a claim.  I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  The document containing the objections must be

captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 4, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.